Smith, J.
■ The plaintiff, Elizabeth Britton, filed her petition in the court of common pleas of that county, against Hannah Leslie, an imbecile, and her guardian, D. B. Bundy, seeking the recovery of a judgment for a large amount for services rendered to the former. .She did recover a judgment, but it was for a much less sum than was claimed by her. She therefore filed a motion for a new trial, based upon the grounds that the court erred in its rulings at the trial, and that the judgment (a jury having been waived) was against the weight of the evidence. This motion was overruled, October 21, 1895, and an exception duly entered, and it was ordered that the minutes of the court remain open fifty days, to allow the plaintiff to prepare, have allowed and made a part of the record a bill of exceptions. The transcript of the journal entries shows that such a bill of exceptions was filed November 1st., at the October Term of the court, and a petition in error was filed in this court, March 13, 1896, assigning as grounds of error the overruling of the motion for a new trial.
From a supplementary -transcript subsequently filed, it appears that on March 20, 1896, at the succeeding term of the court, the defendant, Bundy, had filed motions to strike the bill of exceptions from the files, and to strike out or correct the journal entry of November 1, 1895, Those motions were called for hearing March 30, and the counsel for Mrs. Britton moved the court to strike the motions from the files. This motion was overruled and exception taken, and the court then proceeded to hear testimony upon the motions, and granted,them, and ordered the bill of exceptions to be stricken from the files, and the entry of November 1,1895,allowing the bill of exceptions,to be vacated,set aside and annulled, to which counsel for Mrs. Britton excepted, and at their request, the court made a finding of facts and of law separately, and also, allowed a bill of ex *534 ceptions containing all of the evidence heard on the motions.
We have not the motions before us, but we' understand that the motion to strike the bill of exceptions from the files, was for the reason as claimed that it had never been submitted to the counsel for defendants for examination, as required by law, and that it was not signed within the fifty days after the overruling of the motion for a new trial, and that the entry of November 1, was not true or properly made, but was entered long after the time fixed by the law for the allowance of the bill.
The first question which is presented, is this: whether the court,after the term at which the entry of November 1, was made, could,on the motion filed, properly entertain and make the order which was made. Sec. 5354 and post, points out the cases in which, and the proceedings necessary to be taken by a court at a subsequent term, to vacate or modify its own judgment or order. One of these grounds is in subdivision 3 of sec. 5354, viz., irregularity in obtaining a judgment or order. The proceedings under this section,may by the provisions of sec. 5357, be by motion upon reasonable notice to the adverse party. Here the adverse party was present and took part in the hearing, and if it was shown that there was irregularity in the obtaining of this order, we think the court was authorized in this proceeding to vacate it. It is conceded, we think, or if not, it is clearly shown by the finding of facts, that such order was not in fact made November 1, or until long after the court was authorized to allow the bill of exceptions,'or to place an entry of such allowance on the journal. It was therefore irregularly entered as of November 1. We think the court was authorized to strike the bill of exceptions from the files, if it had not been allowed in the time fixed by the statute.
■.The finding of the facts by the court, which seem to be *535 fully supported by the evidence, is to this effect: that but one attorney, Mr. Harwitz, represented the defendant and her guardian, but that on the trial of the case, Judge Hume, who had been retained by persons interested in Mrs. Leslie, or her estate, assisted Mr. Harwitz in the trial; and .that counsel for the plaintiff was advised that he was not the counsel for the defendant. After the trial, counsel for plaintiff presented the bill, as prepared, to Judge Hume for examination, who, in good faith,supposing himself authorized to do so, kept it for some time, and not having time to attend to it, agreed with counsel for plaintiff,and so indorsed on the bill, that he would waive the required time for the allowance and filing of the bill, and that it should be allowed by the judge and filed within fifty days after the trial of the case. All this was without the knowledge or consent of Harwitz or the defendant, who had no knowledge of the bill or its allowance, or the entry of November 1, until long after the time within which the court could legally sign it.
On this state of fact, we think the court properly held that the bill of exceptions was not submitted to adverse counsel as required by law, and that Judge Hume was not authorized to waive any of their rights. But in addition to this, the bill was not signed within the fifty days after the trial, or for more than fifty days after the overruling of the motion for a new trial. And under the ruling of the Supreme Court in the case of Newman v. Becker, 35 Law Bul., 147, it would seem that unless the bill is properly submitted to counsel so required by law, and the judge, at least forty-five days after the overruling of the .motion, he has no authority to sign the bill at all. And if he lets the time go by in which he is authorized to sign it, his act in subsequently signing it is void. The court, therefore, properly struck the bill of exceptions from the files, *536 and now cannot consider it. If therefore all of the questions arise on this bill of exceptions, the judgment of the common pleas must be affirmed.
Morey, Andrews & Morey, for Plaintiff in Error.
B. Harwitz, for Defendant in Error.